UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD SPINNENWEBER | ) CASE NO. 2:14-cv-00101-JTM-JEM |
| Plaintiff, | ) |
| v. | ) |
| ROBERT LADUCER, and RED RIVER SUPPLY INCORPORATED | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE AND OTHER DEFENSES, AND REQUEST FOR JURY TRIAL**

Defendants, Robert Laducer and Red River Supply, Inc. ("Defendants"), by counsel, answer Plaintiff's Complaint (the "Complaint") as follows:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 in the Complaint and so deny them.

2-3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the undefined phrase "at all times relevant herein" in paragraphs 2 and 3 in the Complaint and so deny them. Defendants admit the remaining allegations.

4.      The allegations contained in paragraph 4 in the Complaint contain a legal conclusion or statement of opinion as to the law in Indiana to which no response is required. To the extent a response is required, Defendants state that employers may be responsible for the acts of their employees, but that the facts

and circumstances surrounding any alleged occurrence are informative in this inquiry. Defendants' investigation into the facts underlying the Complaint is or may be ongoing. At this time, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 in the Complaint and so deny them.

  5-6. Defendants' investigation into the facts underlying the Complaint is or may be ongoing. At this time, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5 through 6 in the Complaint and so deny them.

  7. Defendants deny the allegations contained in paragraph 7 in the Complaint.

  8-13. The allegations contained in paragraphs 8 through 13 in the Complaint contain a legal conclusion or statement of opinion as to the applicable controlling law to which no response is required. To the extent a response is required, Defendants state that operators of motor vehicles and/or commercial motor vehicles may owe duties to other persons or operators, but that the facts and circumstances surrounding any alleged occurrence are informative in this inquiry. Defendants' investigation into the facts underlying the Complaint is or may be ongoing. At this time, to the extent that the allegations contained in paragraphs 8 through 13 are contrary to applicable controlling law, Defendants deny the allegations contained in paragraphs 8 through 13 in the Complaint. Defendants deny the remaining allegations contained in paragraphs 8 through 13 in the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint are of a compound nature, may contain a legal conclusion to which no response is required, and make a response impossible without speculation, in general, or speculation into the meaning of the allegations. To the extent a response is required, Defendants deny any allegations of negligence, negligence per se, carelessness, "fault", and any other purported wrongful conduct or inaction; and deny breaching any duties due and owing to the Plaintiff to the extent the allegations contained in paragraph 14 of the Complaint make these allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the nature, extent, and origin of Plaintiff's alleged damages and so deny them. Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

WHEREFORE, Defendants, by counsel, requests Plaintiff take nothing by way of the Complaint, that costs be awarded to Defendants and the Court order all other proper relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

In further defense against the Complaint, Defendants, by counsel, allege the following affirmative and other defenses.  Defendants reserve the right to amend, supplement, and/or withdraw these defenses as discovery continues as well as further plead defenses upon completion of discovery.

1.     If Defendants have failed to respond to any of the allegations in the Complaint, Defendant specifically deny them at this time.

2. Defendants deny "liability" and further dispute every allegation and inference of supposed "fault" or other purported wrongful conduct or inaction.

3. Plaintiff's claims are barred or diminished to the extent that Plaintiff's acts or omissions are subject to the provisions of the Indiana Comparative Fault Act.

4. Plaintiff may have failed to mitigate the alleged damages.

5. Plaintiff's alleged damages [may be/are] solely the result of the acts or omissions of persons or entities other than Defendants, including, but not limited to the Plaintiff and any responsible non-parties whose names are not known at this time but may be ascertained through the process of discovery. Under the provisions of Ind. Code § 34-51-2-16, Defendants reserve reasonable opportunity to: (1)discover the existence of non-party defenses as alleged here; (2) add non-parties at Defendants' option; (3) withdraw any non-party defenses as discovery continues; and/or (4) request the court to instruct the jury on any or none of the identified non-parties.

6. Defendants are entitled to set off, against any judgment entered in favor of Plaintiff, in the amount of collateral source payments received by Plaintiff following the incident which is the subject of Plaintiff's Complaint pursuant to the legal and equitable principles of payment, satisfaction, accord and satisfaction, write-down, set-off and other related rules barring windfalls and double recovery.  Furthermore, the defendant reserves the right to introduce into evidence proof of collateral source payments received by or on behalf of Plaintiff, pursuant to Ind. Code § 34-44-1-1 et seq., in the event it is

subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.

7.  Some or all of Plaintiff's medical expenses may have been reduced by write-offs, set-offs, and/or adjustments in accordance with Indiana case, *Stanley v. Walker* or any other applicable law.  In the event it is subsequently determined that Plaintiff's medical expenses were reduced by write-offs, set-offs, and/or adjustments, these amounts are appropriate matters for consideration by the jury.

8.  Plaintiff's alleged damages may have been pre-existing or caused by another accident, incident, or event. Defendants expressly dispute the nature and extent of Plaintiff's alleged damages and dispute whether those damages are/were causally related to the occurrence at issue in this litigation.

9.  The Complaint may fail to state a claim upon which relief can be granted.

10. Plaintiff's claims may be barred by one or more Federal or state statutes.

11. Plaintiff's claims may be barred by one or more of the Indiana Rules of Trial Procedure.

12. The Complaint may fail to join a necessary party to this action. This court has no jurisdiction to adjudicate this action with the absence of a necessary party.

13. Defendants plead as affirmative defenses, all affirmative defenses of Rule 8(C) and Rule 12(B) of the Indiana Rules of Trial Procedure as if fully restated herein, subject to further investigation and discovery.

14. Defendants incorporate by reference all affirmative defenses raised by other parties.

WHEREFORE, Defendants, by counsel, request Plaintiff take nothing by way of the Complaint, that costs be awarded to Defendants and the Court order all other proper relief.

## JURY DEMAND

Defendants, by counsel, demand this cause be tried by a jury.

Respectfully submitted,

*/s/ Lee F. Baker*

_____
Lee F. Baker, # 19257-53
NATIONWIDE MUTUAL INSURANCE
COMPANY TRIAL DIVISION
Attorneys for Defendants
Red River Supply, Incorporated and
Robert Laducer

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 2nd 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David W. Craig
Scott A. Faultless
William J. Kelley
Kerri E. Farmer
Christopher M. Barry
CRAIG KELLEY & FAULTLESS, LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216

                                            /s/ *Lee F. Baker*

                                            Lee F. Baker, # 19257-53

Nationwide Mutual Insurance Company
Trial Division
11555 N. Meridian Street, Ste. 450
Carmel, Indiana 46032
Phone: 317/810-7118