**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| RICHARD SPINNENWEBER, )<br>      Plaintiff, )<br>      )<br>     v. )<br>      )<br>ROBERT LADUCER and )<br>RED RIVER SUPPLY INCORPORATED, )<br>      Defendants, ) | CAUSE NO.: 2:14-CV-101-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion in Limine [DE 70], filed October 12, 2017, and Plaintiff's Motion *in Limine* [DE 71], filed October 13, 2017. No responses have been filed and the time to do so has passed.

**I.    Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in turn.

    A.    <u>Existence of Insurance</u>

Both parties request that the Court exclude any reference to whether a party is insured pursuant to Federal Rule of Evidence 411. Accordingly, the request is granted and any mention of whether either party is insured is precluded.

    B.    <u>Undisclosed Expert Testimony and Documents not Produced</u>

Defendants request that the Court preclude any expert not previously disclosed to Defendants from testifying as an expert witness during trial. Plaintiff request that Defendants be precluded from presenting, commenting on, questioning witnesses about, or arguing about documents not produced in discovery. No parties have objected to the others' request. Undisclosed information and witnesses will not be permitted. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

      C.      Lay Testimony Concerning Medical Causation

Defendants move to have any testimony of a lay person regarding medical diagnoses, causes and effects of injuries, and other matters of medical science excluded as a lay person lacks the requisite training and knowledge to provide this type of testimony. Plaintiff has made no objection to this request, and it is therefore granted.

      D.      Mitigation of Damages

Plaintiff requests that Defendants be precluded from arguing that Plaintiff failed to mitigate his damages because there is no witness or proposed evidence that Plaintiff's treatment was unreasonable, diminished his recovery, or aggravated his injuries, so any argument or discussion of mitigation would be prejudicial to Plaintiff. Defendants have made no objection to this request, and it is therefore granted.

      E.      Insurance Payments of Medical Bills

Plaintiff moves for the Court to exclude evidence of insurance benefits paid to Plaintiff pursuant to Indiana Code § 34-4-36-2. Plaintiff argues that evidence of payments made to him through his automobile insurance policy is unduly prejudicial, and that he may have to repay

amounts awarded pursuant to a subrogation clause. Defendants do not object, and the request is granted.

F. <u>Prior Injuries and Medical Conditions</u>

Plaintiff moves to have evidence of his prior injuries or other medical condition not related to Plaintiff's claimed injuries barred absent expert medical testimony establishing that it is causally related to the symptoms and problems alleged in this litigation. Defendants have made no objection to this request, and it is therefore granted.

G. <u>Prior Claims or Accidents</u>

Plaintiff moves to exclude reference to any prior or subsequent claims or accidents. Defendants have made no objection, and the request is granted.

H. <u>Settlement Negotiations</u>

Both parties request that the Court exclude any reference to settlement negotiations or statements made about the case during those negotiations, pursuant to Federal Rule of Evidence 408. Evidence as to settlement negotiations is excluded.

**II. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion in Limine [DE 70] and Plaintiff's Motion *in Limine* [DE 71] as described above.

So ORDERED this 30th day of October, 2017.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record