# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RICHARD SPINNENWEBER,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ROBERT LADUCER and<br>RED RIVER SUPPLY INCORPORATED,<br>　　　　Defendants, | CAUSE NO.: 2:14-CV-101-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Questions and Answers in Defense Doctor's Evidence Depositions and in Plaintiff's Doctor's Evidence Deposition [DE 103], filed October 4, 2018, and Defendant's Motion to Exclude Expert Testimony [DE 104], filed on October 17, 2018.

The Court set a deadline for motions in limine and motions challenging expert testimony of October 13, 2017. No Daubert motions were filed, and the Court granted two prior Motions in Limine on October 30, 2017. After Plaintiff moved to continue trial on its eve, the Court held a second final pretrial conference on October 18, 2018, and addressed the pending motions. Although the parties admitted that the deadline for filing their motions had expired, because of the change in counsel since the prior deadline, the Court allowed additional briefing on the Motions. Both parties filed supplemental briefing regarding the Motion to Strike, but Plaintiff did not file a response to Defendant's Motion to Exclude.

**I.　Motion to Exclude**

Defendants argue that the testimony of Dr. J. Louis Koberda concerning Plaintiff's head injury, tinnitus, headaches, and need for future medical treatment should be excluded.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the

standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, "[t]he district court is a 'gatekeeper' who determines whether proffered expert testimony is reliable and relevant before accepting a witness as an expert." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 741-52 (7th Cir. 2007) (quoting *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir. 2006)). Courts use a three-step analysis to determine the admissibility of expert testimony: (1) whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education," (2) whether the subject of an expert's testimony is "scientifically reliable," and (3) whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin*, 492 F.3d at 904; *see also Myers v. Illinois Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).

In this case, Defendants argue that Dr. Koberda's opinions are not based on scientifically reliable principles and methods and fail to account for obvious alternative causes of Plaintiff's symptoms. Defendants argue that he did not have a basis for determining which possible causes of Plaintiff's medical conditions were reasonable and which were not. Plaintiff did not respond to

2

Defendants' arguments.

Dr. Koberda diagnosed Plaintiff with a mild traumatic brain injury and opined that it was causing Plaintiff's tinnitus. He used QEEG, a brain mapping diagnostic tool, to diagnose Plaintiff's mild traumatic brain injury, which he attributed to the automobile accident. Dr. Koberda testified that the QEEG cannot distinguish between multiple events or give the date of the injury. Defendants argue that Plaintiff was involved in previous accidents that may have caused head injuries, including six prior motor vehicle accidents and a fall off a bicycle, as well as a construction accident, which did cause head injuries, including a subdural hematoma, and may have caused concussion symptoms.

Defendants argue that because Dr. Koberda was unaware of these previous accidents his conclusion about the cause of the head injury detected on the QEEG is not scientifically reliable. Likewise, Defendant argues that Dr. Koberda was unaware of Plaintiff's history regarding his ears, including abnormal ear wax and exposure to noise in his job, and, since he did not know of them, was unable to rule these out as possible contributory causes of Plaintiff's tinnitus, making his conclusions about the cause of the tinnitus unreliable. Similarly, Dr. Koberda testified that he had no knowledge of whether Plaintiff suffered headaches prior to the vehicle accident, and Defendants assert that the first time Plaintiff sought treatment for headaches was two years after the accident, so, Defendants argue, Dr. Koberda's testimony regarding the definite cause of those headaches is not based on sound scientific information. In addition, Defendants argue that Dr. Koberda's opinion about the necessity of treatment Plaintiff has received and any future medical treatment he may need are unreliable, also based on only limited medical records.

Although the immediate and obvious injuries as a result of the crash do not necessarily

require an expert to testify as to causation, an expert is typically required when an injury may have more than one potential cause. *See Higgins v. Koch Dev. Corp.*, 794 F.3d 697, 702 (7th Cir. 2015); *see also Armstrong v. Cerestar USA, Inc.*, 775 N.E.2d 360, 366 (Ind. Ct. App. 2002) ("[Q]uestions of medical causation of a particular injury are questions of science necessarily dependent on the testimony of physicians and surgeons learned in such matters.") (quotation omitted). The argument in this case is not about Dr. Koberda's qualifications, but about his methodology. For his conclusions regarding the cause(s) of Plaintiff's symptoms to be reliable, he must have systematically considered and ruled out other potential causes of Plaintiff's symptoms, which he did not do. *Myers*, 629 F.3d at 644 ("[I]n a differential etiology, the doctor rules in all the potential causes of a patient's ailment and then by systematically ruling out causes that would not apply to the patient, the physician arrives at what is the likely cause of the ailment."); *see also Higgins*, 794 F. 3d at 705 (finding physician unqualified as expert where "the record is silent on whether Dr. Haacke considered other possible causes of Higgins's ailments and, if so, how and why she ruled them out."). Dr. Koberda could not have ruled out other potential causes of Plaintiff's symptoms because he was never made aware of many of the other potential causes, so the Court cannot permit him to testify as an expert as to the causation of Plaintiff's tinnitus or headaches, nor as to the necessity of Plaintiff's medical treatment.

**II.     Motion to Strike**

Plaintiff moves to strike references to prior events in the deposition testimony of two doctors, arguing that the questions and their responses violate the Court's prior Order granting his motion in limine.

A motion in limine will be granted "only when evidence is clearly inadmissible on all

4

potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Plaintiff argues that some of the physicians' deposition testimony is barred by the Court's grant of a motion in limine to exclude evidence of Plaintiff's prior injuries and prior medical conditions. To the extent that Plaintiff is seeking to strike information from a deposition transcript, the Court declines to do so: the Order on the prior Motion in Limine is intended to exclude information from being presented into evidence at trial, not from being spoken of in a discovery deposition. By the plain language of the Court's prior Order, the parties are entitled to present evidence of a prior injury or other medical condition with "expert medical testimony establishing that it is causally related to the symptoms and problems alleged in this litigation," and therefore were entitled to question physicians as to whether there was such a causal relationship. To the extent that the parties wish to enter portions of depositions into evidence and show them to the jury, whether or not that particular testimony complies with the prior Order or is otherwise admissible will be determined when it is offered into evidence. As Defendants argue, and as addressed above in discussing Dr. Koberda's testimony, there will likely need to be expert testimony in this case as to causation in order to help the jury ascertain which of Plaintiff's claimed injuries and ongoing medical needs were caused solely by the accident and which may also be attributable to other causes. Plaintiff has not identified any information previously filed with the Court or offered into evidence that should be stricken, nor has trial begun such that the Order granting the Motion in Limine could have been violated. To the extent that Plaintiff is seeking a revision of his prior Motion in Limine,

he has not so moved.

## III. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Strike Questions and Answers in Defense Doctor's Evidence Depositions and in Plaintiff's Doctor's Evidence Deposition [DE 103] and **GRANTS** Defendant's Motion to Exclude Expert Testimony [DE 104].

So ORDERED this 13th day of November, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record