UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD SPINNENWEBER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-101-JEM |
| ) | |
| ROBERT LADUCER and ) | |
| RED RIVER SUPPLY INCORPORATED, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Reconsider Order Striking Plaintiff's Doctor [DE 118], filed by Plaintiff on November 14, 2018. Plaintiff requests that the Court reconsider the portion of its Opinion and Order of November 13, 2018, ordering that Dr. Koberda cannot testify as an expert as to causation or the necessity of Plaintiff's medical treatment. Defendants filed a response on November 19, 2018.

**I.     Background**

The Court held a final pretrial conference on October 18, 2018, in preparation for the trial setting of December 3, 2018. Prior to the pretrial conference, Plaintiff filed a Motion to Strike Questions and Answers in Defense Doctor's Evidence Depositions and in Plaintiff's Doctor's Evidence Deposition, and Defendant filed Defendant's Motion to Exclude Expert Testimony. The motions were discussed at the pretrial conference, and, after an opportunity for briefing, the Court denied the Motion to Strike and granted the Motion to Exclude. Plaintiff now moves to reconsider the Order excluding the expert testimony.

**II.    Standard of Review**

A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous

motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

### III. Analysis

Plaintiff argues that the Court misunderstood or was not sufficiently informed by him about the basis for some of the putative expert's opinions. Counsel for Plaintiff states that he "understood from the pretrial conference the court would not consider the Motion to Strike Doctor, (104) because defense filed the Motion to Strike instead of a response to the Motion to Strike Questions, the Court providing both parties the opportunity to agree or file briefs related the motion to strike questions," (sic). He asserts that he would have included more citations to the deposition in his response brief, and disagrees that Plaintiff suffered injuries in previous motor vehicle accidents.

At the pretrial conference, the Court addressed the pending Motions. At first, the Court contemplated requiring Defendants to file additional briefing justifying their failure to comply with the original deadline for filing motions challenging expert testimony or move for an extension.

However, in the course of further discussion about the two motions, the parties asserted that both motions were related to the same underlying dispute regarding the testimony given by the putative expert witness at his deposition, a deposition that took place after the original trial setting was vacated and Plaintiff's initial attorney withdrew. Accordingly, with the agreement of the parties, the Court ordered the parties to attempt to work out the dispute. It set a deadline for notification of any agreement, and, if the parties were unable to resolve the dispute, ordered each party to file a single brief responding to the other's arguments by October 29, 2018.[1] Even though Plaintiff misunderstood the briefing deadline, the Court's Opinion and Order was entered after the deadline for response briefs set by the Local Rules. Furthermore, as the parties represented, the two motions involved similar issues, and Dr. Koberda's deposition was provided to the Court by Defendants, so Plaintiff has not identified any facts of which the Court was unaware.

Plaintiff next argues that the Court erred in finding that Plaintiff suffered injuries in six previous motor vehicle accidents and "is wrong in the lengths Dr. Koberda went to insure the injury happens within four years of the test he gives, the QEEG." The Court summarized a number of arguments by Defendants about the basis for Dr. Koberda's conclusions. The Order noted that Dr. Koberda testified that he did not know about some of Plaintiff's previous medical history, nor did he know that Plaintiff had experienced other accidents, including a construction accident which caused head injuries including a subdural hematoma. The Court did not find that Plaintiff's prior motor vehicle accidents caused injuries, nor did it draw any conclusions about the QEEG test in particular. Instead, the Court emphasized that, as an expert witness on the issue of causation, "[f]or

---

[1]The Court notes that the docket entries describing the briefing schedule only includes the docket entry number of one of the pending evidentiary motions addressed, but the agreement of the parties and direction given by the Court at the hearing addressed the interrelated evidentiary arguments from both motions.

his conclusions regarding the cause(s) of Plaintiff's symptoms to be reliable, [Dr. Koberda] must have systematically considered and ruled out other potential causes of Plaintiff's symptoms, which he did not do." The Court concluded that "Dr. Koberda could not have ruled out other potential causes of Plaintiff's symptoms because he was never made aware of many of the other potential causes, so the Court cannot permit him to testify as an expert as to the causation of Plaintiff's tinnitus or headaches, nor as to the necessity of Plaintiff's medical treatment." Even if Plaintiff might have cited to more or different portions of the deposition if he had included arguments more explicitly about the Daubert motion in his briefing, he does not argue that the Court made an error of apprehension about Dr. Koberda's testimony regarding other possible causes of Plaintiff's symptoms. Plaintiff has failed to show that the Court misunderstood him, that new facts have been discovered, or that there has been a significant change in relevant law. He has not given any reason for the Court to reconsider its previous Opinion.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the Motion to Reconsider Order Striking Plaintiff's Doctor [DE 118].

SO ORDERED this 27th day of November, 2018.

      s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record