UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD SPINNENWEBER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 2:14-CV-101-JEM |
| ROBERT LADUCER and RED RIVER<br>SUPPLY INCORPORATED,<br>    Defendants. | )<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for a new Trial and/or to Amend Judgment [DE 154], filed by Defendants on January 1, 2019. Plaintiff filed a response on January 7, 2019, and on January 14, 2019, Defendants filed a reply.

**I.      Background**

On December 3-4, 2018, a jury trial was held in this case to determine the amount of damages suffered by Plaintiff in an automobile accident on May 17, 2012, caused by Defendant Laducer, an employee of Defendant Red River Supply.

At the trial, it was established that Plaintiff did not request medical treatment at the scene of the accident and continued on his road trip to a go-kart event, where he slept in his van for three nights before driving back to his home approximately 1,000 miles away. He first sought medical treatment about five days after the accident. No medical records or evidence of lost wages were entered into evidence. Plaintiff testified that he suffered from difficulties with memory after the accident, ringing in his ears, and ongoing neck pain. Several friends and family members testified about changes in Plaintiff's emotional state and pain treatment since the accident. A neurologist gave his opinion of Plaintiff's injuries based on medical records, and testified that Plaintiff suffered whiplash and "may well have had a very mild concussion" from the accident.

The jury entered a verdict against Defendants in the amount of $1,000,000.00. Defendants now move for a new trial and/or order of remittur amending the judgment in this case, arguing that the verdict is excessive and unsupported by the evidence at trial.

## II.     Standard of Review

Federal Rule of Civil Procedure 59 provides for a party to file a motion for a new trial or to alter or amend a judgment within 28 days of the entry of judgment. Federal Rule of Trial Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59(b) then provides: "A motion for new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). A new trial may be granted when (1) a verdict is against the weight of the evidence, (2) damages are excessive, or (3) other reasons made the trial unfair to the moving party. *See Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010). In considering a motion for a new trial, the trial court must view the evidence in the light most favorable to the prevailing party, and issues of credibility and weight of the evidence are within the purview of the jury. *See Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir. 1998).

A motion brought pursuant to Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). However, Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th

Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267).

**IV.     Analysis**

Defendants argue that the jury verdict in this case is excessive, and apparently based on improper arguments made in closing rather than on the evidence, since there is no evidentiary foundation to support the verdict. Plaintiff asserts that the verdict should stand because Defendants failed to object to the arguments made during closing and that the verdict is in line with those in similar cases.

"In reviewing whether an award of compensatory damages is unreasonably large," the Court is directed to "ask 'whether the award is monstrously excessive, whether there is no rational connection between the award and the evidence, and whether the award is comparable to those in similar cases.'" *Fox v. Hayes*, 600 F.3d 819, 845 (7th Cir. 2010) (upholding a jury award of $2.7 million for loss of consortium in "unique circumstances" but finding "the evidence does not come close to supporting the $1 million compensatory award for [the] IIED claim" or the false arrest award) (quoting *Thomas v. Cook Cnty Sheriff's Dep't*, 588 F.3d 445, 451 (7th Cir.2009)) (other quotations and marks omitted); *see also Marion Cty. Coroner's Office v. E.E.O.C.*, 612 F.3d 924, 930–31 (7th Cir. 2010).

In his closing argument, counsel for Plaintiff requested that the jury enter a verdict that would deter future bad conduct from trucking companies "because money speaks volumes to these companies." Tr. 235:14-15. The trial was to determine compensatory damages only, with no punitive damages; accordingly, the request for damages to "send a message" beyond the message of requesting that the responsible defendants make the plaintiff whole was inappropriate. *See Case v. Town of Cicero*, No. 10 C 7392, 2013 WL 5645780, at *10 (N.D. Ill. Oct. 16, 2013) ("The

3

municipality may be liable for any compensatory damages Plaintiffs recover against the officers, but requesting a jury to 'send a message' does not apply to compensatory damages."); *Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011) ("Given that compensatory damages are limited to actual losses, this court agrees that [the plaintiff]'s argument that the jury should "send a message" is a punitive damages argument"). Defendants did not object during closing argument, so to the extent that they are arguing that the reference to sending a message is an error requiring a new trial, that argument is forfeited. *See Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008) (recognizing that a challenge to portions of closing arguments was waived because no objection was made at the time the statements were made) (citing *Miksis v. Howard*, 106 F.3d 754, 764 (7th Cir. 1997); *Gonzalez v. Volvo of Am. Corp.*, 752 F.2d 295, 298 (7th Cir. 1985)). However, Defendants argue that Plaintiff's use of the "send a message" argument pushed jurors to an irrational verdict. *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015) ("A monstrously excessive verdict is one that is 'a product of passion and prejudice.'" (quoting *Fleming v. Cnty. of Kane*, 898 F.2d 553, 561 (7th Cir.1990)). The Seventh Circuit Court of Appeals has "observed that the "monstrously excessive" standard and the "rational connection" standard are really just two ways of describing the same inquiry: whether the jury verdict was irrational." *Id*. (citing *Harvey v. Office of Banks & Real Estate,* 377 F.3d 698, 713-14 (7th Cir.2004); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1285 n. 13 (7th Cir.1995)). Accordingly, "[i]n order to determine whether the jury's verdict was irrational, the district court must review the trial record as a whole in the light most favorable to the verdict." *Id*.; *see also Kaiser v. Johnson & Johnson*, 334 F. Supp. 3d 923, 943–44 (N.D. Ind. 2018).

Defendants argue that the medical evidence presented by Plaintiff did not support the damages awarded. The only medical testimony linked to the accident was for temporary whiplash and a possible mild concussion. Carney Dep. 9:6-13, Trial Ex. 8 [DE 129]. Plaintiff testified that several months after the accident he developed tinnitus and that he continues to experience symptoms he believes were the result of a head injury, but there was no medical evidence linking these symptoms to the accident. "A plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. Evidence establishing a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict." *Topp v. Leffers*, 838 N.E.2d 1027, 1033 (Ind. Ct. App. 2005) (finding that where doctors stated aggravation of condition was "possibly" caused by accident, that testimony was insufficient for plaintiff to carry her burden of linking the accident to aggravation of pre-existing injuries). In this case, when asked about Plaintiff's memory difficulties, the expert witness stated that there was "a possibility" that Plaintiff suffered from a mild concussion in the accident, but that Plaintiff "certainly has had numerous, two or three, maybe four, head injuries before, including one where he did have a small acute subdural hematoma." Carney Dep. 10:4-12, Trial Ex. 8 [DE 129]. The testimony presented was insufficient to establish that anything other than Plaintiff's that temporary whiplash and possible mild concussion were caused by the accident. *Daub v. Daub*, 629 N.E.2d 873, 877-78 (Ind. Ct. App. 1994) ("Ordinarily, however, the question of the causal connection between a permanent condition, an injury and a pre-existing affliction or condition is a complicated medical question. When the issue of cause is not within the understanding of a lay person, testimony of an expert witness on the issue is necessary.").

Plaintiff did not present any evidence of lost wages or financial loss from the accident and

did not make a claim for emotional injury of any kind. He testified that he has continued to seek chiropractic treatment "on occasion" and "it works pretty good," Transcript 181:15-17, and that immediately after the accident he suffered some memory issues but now "I'm better." Tr. 184:19-185:1. The Court recognizes that "compensatory damages . . . for pain and suffering . . . are very difficult to quantify, leaving it to the jury to select a dollar amount that it believes will fairly compensate the plaintiff," and that "[t]he required 'rational connection' between the evidence and the award does not imply mathematical exactitude." *Hendrickson v. Cooper*, 589 F.3d 887, 892-93 (7th Cir. 2009). That award must still, however, have some support in the evidentiary record.

In addition to lack of rational connection between the award and the evidence, Defendants also argue that the award cannot be compared to similar cases because of the lack of evidence submitted in this case. Plaintiff identifies three cases he argues are similar, but the only similarity is in verdict size; the connection between the award and the evidence in those cases is much more obvious and the facts differ significantly from the instant case; all included evidence of medical expenses and lost wages. *Tunstall v. Manning*, 107 N.E.3d 1093, 1098 (Ind. Ct. App. 2018)[1] (upholding at appellate level a jury award including $1.3 million in pain and suffering where plaintiff presented expert evidence of 28% permanent impairment and job loss); *Sims v. Pappas*, 73 N.E.3d 700, 709-10 (Ind. 2017) (awarding over a million dollars in compensation for pain and suffering in case involving multiple plaintiffs, one of whom required emergency surgery followed by subsequent additional surgeries and lifelong decrease in mobility); *K Mart Corp. v. Beall*, 620 N.E.2d 700 (Ind. Ct. App. 1993) (awarding compensatory damages of $883,500.00 where plaintiff presented expert testimony regarding injuries attributable to accident, evidence of reduction in

---

[1]Not a valid comparator case, since transfer was granted by the Supreme Court of Indiana.

wages, and evidence of past and future medical expenses). The Court's review of recent jury verdicts for compensatory pain and suffering damages for similar automobile accidents in the region also reveals much lower typical awards. *See, e.g., Marlow v. Sawyer*, No. 3:16CV01088, 2018 WL 1313228 (S.D. Ill. Jan. 24, 2018) ($30,000 compensatory damages for medical expenses, past and future pain and suffering, permanent partial disability, loss of mobility, lost of future income, loss of quality of life and loss of personal property and loss of the vehicle); *Richardson v. Taylor*, No. 49D05-1710-CT-040263, 2019 WL 1714898 (Ind. Sup. Feb. 17, 2019) ($125,000 for pain and suffering); *Booker v. State Farm Fire & Cas. Co.*, No. 30D01-1401-CT-000147, 2017 WL 6539202 (Ind. Sup. Jul. 17, 2017) ($215,000 in compensation for pain and suffering, medical expenses, lost wages and property damage); *Kent v. Jones*, No. 53C01-1512-CT-002486, 2017 WL 3837690 (Ind. Sup. Jan. 31, 2017) ($25,000 award seeking compensation for pain and suffering, medical expenses, lost wages and property damage); *Reed v. Kinzer*, No. 49D04-1306-CT-023143, 2017 WL 1352695 (Ind. Sup. Jan. 11, 2017) ($130,000 for pain and suffering).

Viewing the trial record in the light most favorable to the verdict, there is no rational connection between the scant evidence presented and compensatory award of one million dollars. Accordingly, Plaintiff may choose remittur or a new trial. *See Moore v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 02 C 4040, 2005 WL 2007291, at *18 (N.D. Ill. Aug. 12, 2005) ("When a trial court finds a verdict excessive, unless the damages are erroneous as a matter of law (e.g., the verdict exceeds the statutory limits or is based on clear errors in computation), the court must 'present the plaintiff with the option of a reduction of damages or a new trial.' . . . In the event [the plaintiff] does not accept the reduction, however, the court will be obligated to grant [the] motion for a new trial solely on the issue of actual damages.") (quoting *Haluschak v. Dodge City*

7

*of Wauwatosa, Inc.*, 909 F.2d 254, 256 (7th Cir.1990)). Upon review of jury verdicts for compensatory pain and suffering damages in recent similar automobile accident cases in the region, Plaintiff has until July 9, 2019, to accept a reduction of the damages award to $250,000, a reasonable amount for pain and suffering on the facts presented at trial. In the event the remittur is not accepted, the matter will be set for a new trial on the issue of compensatory damages.

## V.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion for a new Trial and/or to Amend Judgment [DE 154]  and **ORDERS** that Plaintiff has until **July 9, 2019**, to accept a reduction of the damages award to $250,000. In the event the remittur is not accepted, the matter will be set for a new trial.

So ORDERED this 24th day of June 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record