# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RICHARD SPINNENWEBER, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT LADUCER and )<br>RED RIVER SUPPLY INCORPORATED, )<br>Defendants. ) | CAUSE NO.: 2:14-CV-101-JEM |

## OPINION AND ORDER

This matter is before the Court on a number of Motions in Limine [DE 168-180, 183, 184], each filed as a separate motion by Defendants on November 6, 2019. Plaintiff has not responded and the time to do so has passed. The Court notes that several other documents were titled Motions in Limine but are more properly understood to be motions to exclude expert testimony, and will be considered separately.

**I.      Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in turn.

    A.   <u>Lay Opinions as to Medical Causation</u> [DE 168]

        Defendants request that the Court exclude lay witnesses from testifying as to medical diagnoses, causes and effects of injuries, and other matters of medical science

1

excluded as a lay person lacks the requisite training and knowledge to provide this type of testimony. *See* Fed. R. Evid. 701. Plaintiff has made no objection to this request, and it is therefore granted.

B. <u>Lay Testimony Regarding Injuries or Conditions Unsupported by Expert Testimony [DE 169]</u>

Defendants request that the Court exclude testimony of injuries or physical conditions for which an admissible expert has not expressed an opinion regarding the cause of that injury or condition. *See* Fed. R. Evid. 401, 402, 701. Plaintiff has not objected. Accordingly, no lay witness may testify at trial regarding injuries or symptoms of injuries that are not connected to the accident by expert testimony.

C. <u>Statements Regarding Punishing Defendants [DE 170]</u>

Defendants move for Plaintiff to be excluded from arguing that a jury verdict would or should punish or send a message to Defendants or society at large, since no punitive damages are being sought. Since a request for damages to send a message beyond making Plaintiff whole is inappropriate in a case for only compensatory damages, the request is granted. *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011) ("Given that compensatory damages are limited to actual losses, this court agrees that [the plaintiff]'s argument that the jury should 'send a message' is a punitive damages argument.").

D. <u>Reference to Liability Insurance [DE 171]</u>

Defendants request that the Court exclude any reference to liability insurance. *See* Fed. R. Evid. 411. The request is granted and any mention of whether Defendants were

insured is precluded.

E. Reference to Prior Settlement Negotiations [DE 172]

Pursuant to Federal Rule of Evidence 408, any reference to settlement negotiations or statements made about the case during those negotiations is excluded.

F. Testimony of Statements Made by Healthcare Professionals [DE 173]

Defendant moves to preclude Plaintiff from testifying as to what he was told by non-testifying healthcare professionals. Hearsay, which is defined as a declarant's out-of-court statement that a "party offers in evidence to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(a), (c), is not admissible unless allowed by statute, the Federal Rules of Evidence, or other rules created by the United States Supreme Court. *See* Fed. R. Evid. 802. To the extent that the out of court statements of non-testifying healthcare professionals are inadmissible hearsay, they are excluded.

G. Reference to Previous Trial and Motions [DE 174]

Reference to the previous trial and to the outcome or filing of any previous motions, including this one, are excluded.

H. "Golden Rule" Arguments [DE 175]

Invitations for the jury to place itself in Plaintiff's shoes are improper and therefore excluded. *See, e.g., Thomas v. Ritz*, No. 3:15-CV-108-RJD, 2018 WL 1784473, at *4 (S.D. Ill. Apr. 13, 2018) ("A 'golden rule' argument is 'one which the jury is asked to put itself in the plaintiff's position'" and is "improper.") (quoting *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982)).

I. Reference to Defendant's Corporate Status [DE 176]

Reference to Defendant Red River Supply as a trucking company or its status as corporation is excluded to the extent that it is likely to be prejudicial.

J. Reference to Parties' Financial Status [DE 177]

Defendants move for the Court to preclude reference to any of the parties' financial situation, since financial status is irrelevant to the determination of liability or damages. Plaintiff does not object, and the request is granted.

K. Reference to Uncalled Witnesses [DE 178]

Comments regarding the failure of Defendants to call any particular witness are excluded.

L. Untimely Disclosed Witnesses, Exhibits, or Contentions [DE 179]

Defendants request that the Court preclude any witness, exhibit, or contention not previously disclosed to Defendants from testifying or being presented during trial. Undisclosed information and witnesses will not be permitted. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

M. Reference to Prior Allegations, Claims, Lawsuits, or Complaints Against Defendants [DE 180]

Reference to unrelated and dissimilar accidents, claims, or lawsuits involving Defendants is precluded.

N. Testimony of Certain Lay Witnesses [DE 183]

Defendants move to exclude the testimony of eight lay witnesses regarding the alleged effects of the accident on Plaintiff because no expert testimony establishes that the effects were caused by the accident. To the extent that the testimony relates to medical conditions or injuries about which there is no expert testimony to establish causation, that testimony is excluded. Only lay testimony addressing personal knowledge of the witness is permitted. *See* Fed. R. Evid. 401, 701, 702, 802.

O. Testimony Regarding Statements or Opinions in Medical Records [DE 184]

Defendants move to exclude as inadmissible hearsay any expressions of opinion contained in the plaintiff's medical records that relate to the issue of causation. Although statements made for medical diagnosis or treatment are generally exceptions to the rule against hearsay, the rule only excepts statements "made for – and . . . reasonably pertinent to – medical diagnosis or treatment" or that "describe[] medical history." Fed. R. Evid. 803(4). Accordingly, statements about causation in the medical records that are not excepted by Rule 803(4) are excluded.

**II. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motions in Limine [DE 168-180, 183, and 184], as described above.

So ORDERED this 5th day of December, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record