# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD SPINNENWEBER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-101-JEM |
| | ) | |
| ROBERT LADUCER and | ) | |
| RED RIVER SUPPLY INCORPORATED, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Amend Pretrial Order [DE 187], filed by Defendants on November 22, 2019. At a hearing held on December 6, 2019, the Court set a scheduling order on the Motion, and on December 20, 2019, Defendants filed additional briefing as ordered. Plaintiff has not filed a response, and the time to do so has passed.

Defendants seek leave of Court to remove their previous stipulation to liability and amend the pretrial order for the upcoming trial to allow testimony on the question of who was liable for the automobile accident that caused the injuries at issue in this case. Defendants seek to dispute liability and allege contributory fault as an affirmative defense in the upcoming trial. They argue that the previous pretrial orders are not binding in this case, that manifest injustice will result if they cannot challenge liability at trial, and that Plaintiff will not be prejudiced by allowing that challenge.

After a number of extensions, and after the parties each changed counsel at least once, discovery in this case closed on October 31, 2016, with experts to be disclosed prior to September 23, 2016. After Plaintiff again changed attorneys, the parties' proposed pretrial order was filed on November 16, 2017, in which they agreed that Defendants admitted fault for the accident, and thereafter discovery was reopened for the limited purpose of obtaining extra information about

1

medical records. That limited discovery closed March 1, 2018, and a pretrial order was signed by the Court on March 14, 2018, which included a stipulation that Defendant Laducer was liable for causing the accident. Plaintiff's attorney withdrew on the eve of the scheduled trial, and, after new counsel entered, another pretrial order was entered on November 14, 2018, which governed the jury trial that began December 3, 2018. Defendants did not contest liability at trial. On June 24, 2019, the Court granted Defendants' Motion for remittitur or new trial, finding that the jury verdict was excessive and unsupported by the evidence. Because Plaintiff did not accept reduction of the damages award, the case is now set for a new trial. The attorney who represented Plaintiff at trial has withdrawn, and he is now proceeding *pro se*. Defendants now seek to contest liability for the accident.

Current counsel for Defendants do not know when the parties agreed to stipulate to liability. The decision was made at some point prior to November 2017, when prior counsel for Defendants agreed to a proposed pretrial order that contemplated trial on the issue of damages only. Defendants now move to try the issue of liability in the upcoming jury trial, and the Court ordered briefing on whether trial on the question of liability has been precluded in this case. Defendants argue that they are entitled to relief from their prior stipulations.

"Stipulations regarding the nature of trial proceedings are crucial to the prompt and efficient disposition of litigation" and are therefore "binding unless relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989) (quoting *Smith v. Blackburn*, 785 F.2d 545, 549 (5th Cir.1986); *see also Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 925 (7th Cir. 2015). Defendants argue that since the stipulations were made in proposed pretrial orders for previous trial settings, they

should not control the pretrial order for the upcoming trial. They also argue that Plaintiff would not be prejudiced by the change in the case because Defendants' Answer denied the allegations of liability and asserted an affirmative defense of comparative fault, and there was at least some discovery taken on the issue. Defendants argue that they will suffer manifest injustice if they cannot contest liability. In particular, counsel for Defendants asserts that it does not know why their prior attorneys made the decision to stipulate to liability and that Defendant Laducer did not consent to admitting fault for the accident. They do not argue that the prior counsel entered into the stipulation through advertence or because of a mistake of facts or law. The only injustice they point to is that Defendant Laducer was not consulted when his previous attorneys stipulated to admit liability. Defendants cannot use a change of attorneys to create manifest injustice, especially where, as here, their prior trial attorney is still counsel of record in this case. Plaintiff would be prejudiced if the question of liability were reopened, at least two years after it was stipulated to: there is no indication in the record that expert testimony was sought regarding liability, fact discovery is long closed, and the trial is only a few weeks off, with witness lists due prior to that.

Although Plaintiff did not respond to the Motion other than by a general objection at the December 6, 2019, hearing, the Court concludes that, rather than preventing manifest injustice, allowing Defendants to withdraw their stipulation as to liability would cause prejudice to Plaintiff.

Accordingly, the Court hereby **DENIES** the Motion to Amend Pretrial Order [DE 187] and **ORDERS** that the stipulation to liability is not withdrawn.

So ORDERED this 29th day of January, 2020.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*